UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID LAVELLE, | Case No. 2:19-CV-1251 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| CITY OF LAS VEGAS, NEVADA, et al., | |
| Defendant(s). | |

Presently before the court is Las Vegas Metropolitan Police Department ("LMVPD") and officer Robert Brown's (collectively "defendants") motion to dismiss for failure to state a claim. (ECF No. 27). David LaVelle ("plaintiff") filed a response, (ECF No. 41) to which defendants replied. (ECF No. 45).

**I.  Background**

The instant action arises from an interaction between plaintiff and LVMPD officers while plaintiff was preaching in the Fremont Street Experience[1] ("FSE"). Plaintiff is an evangelical Christian who preaches in public areas using a personal voice amplifier. (ECF No. 20 at 4–5). He shares his faith in public places where he can find a significant flow of pedestrian traffic, like FSE. *Id.* at 5. Plaintiff has preached in FSE many times. *Id* at 9. He does not solicit or seek money when he preaches. *Id.*

---

[1] FSE consists of a five block stretch of Fremont Street which is closed to automotive traffic and serves as a commercial and entertainment complex. A private company, the Fremont Street Experience LLC, ("FSELLC") is responsible for acquiring, constructing, improving, operating, managing, and maintaining FSE. For an in-depth discussion of FSE's creation, see *ACLU v. Las Vegas*, 333 F.3d 1092, 1094–96 (9th Cir. 2003).

**James C. Mahan**
**U.S. District Judge**

Pursuant to Las Vegas Municipal Code ("LVMC") § 9.16.050, any person who violates the provisions of LVMC chapter 9.16 is guilty of a misdemeanor. Las Vegas Mun. Code of Ordinances § 9.16.050. LVMC § 9.16.010 provides: "Subject to the provisions of this [c]hapter, no person shall make, cause, create or continue any noise disturbance within the corporate boundaries of the [c]ity." Las Vegas Mun. Code of Ordinances § 9.16.010. Further, LVMC § 9.16.030(K) provides:

> The use or operation for any purpose of a loudspeaker, public address system, or sound amplification device in connection with any radio, phonograph, tape recorder, microphone or similar device:
> 1. In such a manner or at such a volume that it is plainly audible to the human ear at a distance of fifty feet or more from the source of the sound . . . .

Las Vegas Mun. Code of Ordinances § 9.16.030(K). However, LVMC § 9.16.010 states "[n]oncommercial public speaking and public assembly activities that are conducted on any public right-of-way or in any public space shall be exempt from the operation of this [c]hapter." Las Vegas Mun. Code of Ordinances § 9.16.010.

On December 29, 2018, several of plaintiff's friends took turns preaching with a voice amplifier in FSE. (ECF No. 20 at 9). As they preached, a few passersby indicated disagreement with their message, but there were no incidents or complaints about volume. *Id.* After about an hour, plaintiff took the voice amplifier and began preaching. *Id.* at 10.

Minutes after plaintiff began preaching, a group of police officers arrived. *Id.* LVMPD officer Acosta approached plaintiff and escorted him to the other officers. *Id.* LVMPD Sgt. Gibson then approached and learned that plaintiff was using a voice amplifier. *Id.* He then told officer Acosta to cite plaintiff for violating LVMC § 9.16.030(K). *Id.*

Officer Acosta, now accompanied by officer Robert Brown, escorted plaintiff to a police cruiser and collected plaintiff's information. *Id.* Officer Acosta then left plaintiff with officer Brown for about 30 minutes, during which time officer Brown cited plaintiff for violating LVMC § 9.16.030(K). *Id.* Plaintiff then returned to his friends, explained what happened, and left soon after. *Id.*

Plaintiff was cited for "play[ing] a sound amplifier which produced sound in a manner to create a disturbance to any person who resides or works in the vicinity and could be heard at a

distance of 50 feet or more from the source." *Id.* at 11. Plaintiff notes that, at the time officer Brown cited him, there were "numerous amplified noises that could be heard at a distance of at least 50 feet from the source, but they were allowed to persist." *Id.*

Within two months of receiving his citation, plaintiff—through counsel—sent letters to the Las Vegas city attorney and the sheriff of LVMPD requesting assurances that plaintiffs conduct fell within the non-commercial speech in a public area exception to LVMC § 9.16.030(K). *Id.* The sheriff and the city attorney's office declined to assure plaintiff that he would not be cited in the future for preaching in FSE. *Id.* at 12–13.

Plaintiff has yet to return to FSE for preaching due to fear of further citations. *Id.* Yet, since plaintiff filed his complaint, the Las Vegas city attorney's office has dismissed plaintiff's criminal citation, returned his $308 bail, restored his status quo, and agreed that plaintiff's expressive activity is exempt from application and prosecution under LVMC § 9.16.030(K). (ECF No. 29 at 6). Notwithstanding those developments, defendants LVMPD and officer Brown have stood by their decision to cite plaintiff (ECF No. 27 at 13) and have all but assured plaintiff that they will continue to cite him for similar conduct in the future (ECF No. 20 at 11–12).

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

James C. Mahan
U.S. District Judge

- 3 -

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Plaintiff brings ten claims in total against defendants: (1) facial challenge of LVMC § 9.16.030(K) under First Amendment right to free speech; (2) §1983 violation of First Amendment right to free speech for enforcing LVMC § 9.16.030(K); (3) facial challenge of LVMC § 11.68.100(b)(5) under First Amendment right to free speech; (4) §1983 violation of First Amendment right to free speech for enforcing LVMC § 11.68.100(b)(5); (5) § 1983 violation of Fourteenth Amendment right to due process for enforcing LVMC § 9.16.030(K); (6)

as-applied challenge of LVMC § 11.68.100(b)(5) under Fourteenth Amendment due process; (7) facial challenge of LVMC § 9.16.030(K) under Fourteenth Amendment right to equal protection; (8) as-applied challenge of LVMC § 9.16.030(K) under Fourteenth Amendment right to equal protection; (9) facial challenge of LVMC § 11.68.100(B)(5) under Fourteenth Amendment right to equal protection; and (10) as-applied challenge of LVMC § 11.68.100(B)(5) under Fourteenth Amendment right to equal protection.

In summary—under theories of free speech, due process, and equal protection—plaintiff facially challenges the constitutionality of LVMC § 9.16.030(K) and LVMC § 11.68.100(B)(5), challenges enforcement of the statues as applied to his conduct, and claims that LVMPD and officer Brown violated plaintiff's constitutional rights by citing plaintiff's conduct as violating the statutes.

1. *Standing ripeness, and mootness*

Before turning to the merits of plaintiff's constitutional claims, the court first addresses whether plaintiff has subject matter jurisdiction under Article III of the Constitution. Fed. R. Civ. P. 12(h)(3). Article III limits federal judicial power to "Cases" and "Controversies," U.S. Const. art. III, § 2, and standing to sue "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo v. Robins*, 136 S.Ct. 1540, 1547 (2016). Subject matter jurisdiction is established by showing that a plaintiff has standing to sue, the claims are ripe for decision, and the claims are not mooted. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

To satisfy Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S.Ct. at 1547 (applying the traditional standing test from *Lujan*, 504 U.S. at 560–61). A plaintiff establishes injury in fact, by showing "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560).

If plaintiff has standing to bring suit for a claim, the claim must be ripe for decision. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). Ripeness overlaps with the injury in

fact requirement of standing, a case is ripe when the issues presented are "definite and concrete, not hypothetical or abstract." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (citing *Railway Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945)).

If the relevant issues of a case have already been resolved, the case is dismissed as moot. *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001) (citations omitted). A case may become moot after it is filed "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010) (quoting *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003)).

Plaintiff brings 10 claims in this suit and must demonstrate subject matter jurisdiction for each claim individually. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (9th Cir. 2008).

*A. Claims 1, 3, 7, 9*

Plaintiff facially challenges the constitutionality of LVMC § 9.16.030(K) and LVMC § 11.68.100(B)(5). (ECF No. 20). Plaintiff and defendant agree the LVMC § 11.68.100(B)(5) claims have nothing to do with defendants. (ECF No. 41 at n.1). The court also agrees.

Additionally, any injury caused by LVMC § 9.16.030(K)'s being facially unconstitutional is not fairly traceable to LVMPD or officer Brown because they did not draft or adopt the statutes. Further, plaintiff cannot facially challenge a law for being vague as applied to the conduct of others. *See Hoffman Estates v. Flipside*, 455 U.S. 489, 495 (1982). Accordingly, plaintiff's facial validity challenges to LVMC § 9.16.030 and LVMC § 11.68.100(B)(5) cannot satisfy the standing requirement as to defendants LVMPD and officer Brown.

Thus, as to claims 1, 3, 7, and 9, LVMPD and officer Brown are dismissed as defendants for lack of standing.

*B. Claims 4, 6, 10*

Plaintiff asserts as-applied challenges to defendants' enforcement of LVMC § 11.68.100(B)(5) under theories of free speech, due process, and equal protection. Plaintiff was not cited for violating LVMC § 11.68.100(B)(5). (ECF No. 27 at 12). Plaintiff cannot have an actual injury for the enforcement of a statute he was not cited for. *See Bell v. Boise*, 709 F.3d

890, n.3 (9th Cir. 2013). Accordingly, plaintiff does not show standing for his as-applied challenges to LVMC § 11.68.100(B)(5).

Thus, claims 4, 6, and 10 are dismissed entirely for lack of standing.

*C. Claims 2, 5 and 8*

Plaintiff brings § 1983 and as-applied challenges to the enforcement of LVMC § 9.16.030(K) under theories of freedom of speech, due process and equal protection. Unlike claims 4, 6, and 10, plaintiff was cited for violating LVMC § 9.16.030(K). (ECF No. 20 at ¶ 64). As will be discussed in section III.3.B, this citation was improperly issued.

The first question is whether plaintiff has standing for his as-applied claims. Plaintiff suffered an injury in fact when he was improperly cited, forced to pay bail, and forced to cease preaching on the night he was cited. Plaintiff's injury was directly caused by defendants because, as will be discussed in section III.3.C, officer Brown issued the citation in accordance with LVMPD's interpretation of LVMC § 9.16.030(K). Additionally, plaintiff's injury can be redressed by a favorable judicial decision holding the enforcement of LVMC § 9.16.030(K) unconstitutional because such a holding would prevent further improper citations for plaintiff's preaching which are all but assured when plaintiff continues preaching in FSE with a voice amplifier. Accordingly, plaintiff has standing, and his claims are ripe for decision.

The next question is whether plaintiff's claims are moot. Since plaintiff filed his complaint, the city attorney's office dismissed plaintiff's criminal citation, returned his $308 bail, restored his status quo, and agrees that plaintiff's expressive activity is exempt from application and prosecution under LVMC § 9.16.030(K). (ECF No. 29 at 6). Consequently, plaintiff has been absolved of any criminal or financial repercussions for his past conduct and will not be prosecuted for that conduct in the future. However, the city attorney's office took this action without a court order after plaintiff filed suit. *Id.*

"The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Bell*, 709 F.3d at 898 (quoting *Knox v. SEIU, Local 1000*, 567 U.S. 298, 307 (2012)). In *Bell*, plaintiffs challenged a Boise city code criminalizing sleeping in public

- 7 -

places at night, but their case was mooted by the district court when the Boise police department issued a special order generally instructing officers to not enforce the sleeping code. *Id.* at 894–95. The Ninth Circuit held that the special order did not moot the plaintiffs' case because "a case is not easily mooted where the government is otherwise unconstrained should it later desire to reenact the provision." *Id.* at 900 (quoting *Coral Constr. Co. v. King Cnty.*, 941 F.2d 910, 928 (9th Cir. 1991)).

Here, the city attorney's office's assurance not to prosecute plaintiff for preaching is even less substantial than the special order in *Bell*. To the contrary, the assurance is hardly an assurance at all, as it is directly contradicted by LVMPD's letter to plaintiff informing him that its officers will continue to enforce LVMC § 9.16.030(K) as they did against plaintiff in this suit. (ECF No. 20 at ¶ 70).

LVMPD thus maintains its officers will engage in conduct which allegedly violates plaintiff's right to free speech, due process, and equal protection unless the court holds in favor of plaintiff. *Id.* Further, without an entrenched and permanent policy protecting plaintiff from improper citations, defendants are free to return to their allegedly illegal conduct. *See Bell* 709 F.3d at 900.

Accordingly, plaintiff has standing as to claim 2, 5, and 8 against LVMPD and officer Brown. Additionally, the claims are ripe because defendants intend to continue the conduct which allegedly violates plaintiff's constitutional rights. *See Thomas* 220 F.3d at 1139. Further, assurances from the city attorney's office that plaintiff will not be prosecuted do not moot plaintiff's claims. *See Bell* 709 F.3d at 900.

Thus, claims 2, 5, and 8 are not dismissed for lack of subject matter jurisdiction. The court must now determine if defendants' conduct violates plaintiff's rights to free speech, due process, and equal protection.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

2. *Claim 8: as-applied challenge of LVMC § 9.16.030(K) under Fourteenth Amendment right to equal protection*

"[T]he distinction between facial and as-applied challenges is not so well defined that it has some automatic effect or that it must always control the pleadings and disposition in every case involving a constitutional challenge." *Citizens United v. FEC*, 558 U.S. 310, 331 (2010).

However, as a general rule, "[w]hen considering an as-applied challenge, a court considers the challenged statute in light of the charged conduct." *Martinez v. City of Rio Rancho*, 197 F. Supp. 3d 1294, 1309 (9th Cir. 2016) (citations and quotation marks omitted). As a result, the differentiation between a facial challenge and an as-applied challenge "is both instructive and necessary, for it goes to the breadth of the remedy employed by the Court, not what must be pleaded in a complaint." *Citizens United*, 558 U.S. at 331 (citing *United States v. Treasury Employees,* 513 U.S. 454, 477–78 (1995)).

Plaintiff's claims against LVMPD and officer Brown do not depend upon whether LVMC § 9.16.030(K) is facially constitutional. Plaintiff does allege that LVMC § 9.16.030(K) is facially unconstitutional, but—as discussed in section III.1.A—that claim is dismissed against defendants for plaintiff's lack of standing.

Plaintiff's First Amendment claim against LVMPD and officer Brown concerns the enforcement of LVMC § 9.16.030(K) as applied to plaintiff's conduct. (ECF No. 41 at 6). Specifically, plaintiff alleges the enforcement of LVMC § 9.16.030(K) was selectively enforced and, because the citation was issued at the behest of passersby who took offense, an unconstitutional "heckler's veto." (ECF No. 41 at 7). Plaintiff thus alleges an as-applied challenge under the Equal Protection Clause of the Fourteenth Amendment.

In order to challenge "selective enforcement" under the Equal Protection Clause of the Fourteenth Amendment, plaintiff must demonstrate "[1] that enforcement had a discriminatory effect and [2] the police were motivated by a discriminatory purpose." *Rosenbaum v. City & County of San Francisco*, 484 F.3d 1142, 1152 (9th Cir. 2007) (citation omitted). "In addition to the showing of discriminatory purpose and effect, plaintiffs seeking to enjoin alleged selective enforcement must demonstrate the police misconduct is part of a 'policy, plan, or a pervasive

pattern.'" *Id.* at 1153 (citing *Thomas v. County of Los Angeles*, 978 F.2d 504, 509 (9th Cir. 1993)).

A plaintiff shows discriminatory effect by demonstrating that other similarly-situated individuals not in the plaintiff's protected class were not prosecuted. *United States v. Armstrong*, 517 U.S. 456, 465 (1996). "To show discriminatory purpose, a plaintiff must establish that 'the decision-maker' . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Rosenbaum,* 484 F.3d at 1153 (quoting *Wayte v. United States*, 470 U.S. 598, 610 (1985)).

### A. Discriminatory effect

Plaintiff argues that he has sufficiently pled a selective enforcement claim by alleging "there were numerous [other] amplified noises that could be heard at a distance of at least 50 feet from the source, but they were allowed to persist." (ECF No. 41 at 6). Defendants argue that plaintiff clarifies the citation was for the use of an amplifier that could be heard 50 feet away and not based on the content of plaintiff's speech. (ECF No. 45 at n.1).

The court takes as true the fact that plaintiff "could not speak effectively without amplification and did not want [to] risk criminal sanction in using it," (ECF No. 20 at ¶ 67) and that the threat of further criminal citation or arrest for violating LVMC § 9.16.030(K) "chills and deters [plaintiff] from engaging in his [preaching] . . ." (ECF No. 20 at ¶ 82). Thus, defendants' enforcement of LVMC § 9.16.030(K) had—and continues to have—a discriminatory effect on plaintiff's ability to preach in public by deterring him from using an amplifier.

### B. Discriminatory purpose

Plaintiff alleges he was cited due to a "heckler's veto." (ECF No. 20 at ¶ 86(f)). A heckler's veto occurs when police enforce speech restrictions based upon an audiences' reaction to speech. *See Ctr. Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dep't*, 533 F.3d 780, 787 (9th Cir. 2008). Plaintiff alleges that "a few passerby indicated disagreement with [plaintiff's] message," and "at the very time officer Brown issued this citation to [plaintiff] there were numerous [other] amplified noises that could be heard at a distance of at least 50 feet from the source, but they were allowed to persist." (ECF No. 20 at ¶¶ 22, 55).

Plaintiff contends the court must construe discriminatory purpose because there is an inference to be made from the provided allegations. (ECF No. 41 at 6). Plaintiff misstates the standard. Pursuant to *Iqbal*, the court draws all *reasonable* inferences in favor of the plaintiff but will not indulge speculation or conjecture. *Iqbal*, 556 U.S. at 678. Additionally, while the court must consider plaintiff's allegations as fact, the allegations must be enough to rise above the speculative level to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

Plaintiff does not allege that passersby were seen talking to police just before plaintiff was cited, that police mentioned complaints from passersby, that passersby threatened to call police at any point in the night, or that there were such prominent disagreements police must have arrived in reaction. To the contrary, plaintiff alleges "[plaintiff] asked [o]fficer Brown how he violated the law, and the officer read out loud from a piece of paper that using an amplifier to be audible 50 feet away was prohibited." (ECF No. 20 at ¶ 65).

Similarly, plaintiff does not allege that other individuals were amplifying their voices to spread non-religious messages, other religious messages, or any speech of any sort. Instead, plaintiff states that other sources of amplified noise were generally present when he was cited.

Amplified noises are not wholly restricted from FSE. There are several exceptions to the amplified noise restriction specifically relating to noises from FSE. *E.g.,* § 11.68.100(B)(5); § 11.68.107. In fact, FSELLC frequently provides guests with various amplifications from lawful street performers, venues, and scheduled musical performances. That there were other amplified noises is simply not enough for the court to reasonably infer police cited plaintiff due to discriminatory purpose.

The court cannot reasonably infer that passersby incited police to make plaintiff stop preaching based solely on plaintiff's allegations that a few passersby disagreed with plaintiff's message and police cited plaintiff later that night. Nor can the court reasonably infer that police must have subjectively targeted plaintiff because other sources of noise were present when officer Brown cited plaintiff. Such conclusions would require the court to infer or assume several facts not contained in the complaint.

Accordingly, plaintiff does not show discriminatory purpose and does not show that officer Brown violated plaintiff's right to equal protection. If an officer "inflicted no constitutional injury on [plaintiff], it is inconceivable that [the municipality] could be liable." *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Thus, claim 8 is dismissed as to LVMPD and officer Brown.

3. *Claims 2 & 5: § 1983 violations of First Amendment right to free speech and Fourteenth Amendment right to due process for enforcing LVMC § 9.16.030(K)*

Plaintiff brings two claims pursuant to 42 U.S.C. § 1983, which "provides a remedy to individuals whose constitutional rights have been violated by persons acting under color of state law." *Caballero v. Concord*, 956 F.2d 204, 206 (9th Cir. 1992). To prevail on his § 1983 claims, plaintiff must show that (1) defendants acted under color of state law, and (2) defendants' conduct deprived plaintiff of a federally protected right, privilege, or immunity. 42 U.S.C. § 1983; *Shah v. City of Los Angeles*, 797 F.2d 743, 746 (9th Cir. 1986).

Plaintiff need not show that defendants were within the scope of their authority to prove they acted under color of state law. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). It is enough to show defendants "were clothed with the legitimacy of the government and were purporting to act thereunder." *Id.* Plaintiff provides that LMVPD is a joint city-county law enforcement agency that enforces Las Vegas ordinances and that officer Brown is a LVMPD officer who was in uniform and on duty when he issued plaintiff the citation leading to the instant suit. (ECF No. 20 at ¶¶ 12, 13, 64).

Accordingly, plaintiff shows that defendants were acting under color of state law. *See Shah* 797 F.2d at 746. The court now determines whether defendants' conduct deprived plaintiff of a constitutional right. *See id.*

A. *Claim 5: Fourteenth Amendment right to due process*

Plaintiff argues the enforcement of LVMC § 9.16.030(K) is unduly vague as applied to his preaching. (ECF No. 20 at ¶ 92). Defendants argue that their enforcement of LVMC § 9.16.030(K) is not unduly vague because FSE is not a "public space" or "public right-of-way" where non-commercial speech is excepted from LVMC § 9.16.030(K). (ECF No. 27 at 13).

James C. Mahan
U.S. District Judge

- 12 -

Where the court can analyze a § 1983 claim "under an explicit textual source of rights in the Constitution, a court should not resort to the more subjective standard of substantive due process." *Hufford v. McEnaney*, 249 F.3d 1142, 1151 (9th Cir. 2001).

While plaintiff alleges violations of his right to due process, plaintiff's § 1983 claim rests almost entirely on violations of his right to free speech. In fact, plaintiff does not allege anything specific to the vagueness of LVMC § 9.16.030(K) other than that the enforcement of it against plaintiff was vague. Plaintiff thus argues that he was improperly cited in violation of his right to free speech, not that the statute was so vague that he was not on notice of its provisions in violation of his right to due process.

The First Amendment explicitly covers plaintiff's claim because the alleged due process violation is defendants' stifling plaintiff's free speech by vaguely enforcing LVMC § 9.16.030(K). (ECF No. 20 at ¶¶ 92–95). Accordingly, the First Amendment, "not the Fourteenth Amendment's guarantee of substantive due process, should guide the analysis of the [plaintiff's] claims." *Armendariz v. Penman*, 75 F.3d 1311, 1319 (9th Cir. 1996).

Thus, plaintiff's fifth claim is neither factually nor legally distinct from the First Amendment concerns contained in his second cause of action. Dismissal of plaintiff's fifth claim is appropriate, and the court grants defendants' motion as to that claim.

*B. Claim 2: First Amendment right to free speech*

The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. As will be discussed in section III.3.C, LVMC § 9.16.030(K) is a facially constitutional regulation aimed at addressing commercial noise pollution on non-public property. Notwithstanding that holding, defendants improperly cited plaintiff for preaching with a voice amplifier in FSE.

LVMC § 9.16.010 specifically excepts noncommercial public speaking in any public right-of-way or public space from the 50-foot noise restriction of LVMC § 9.16.030(K)(1). Plaintiff's preaching was noncommercial speech because he was not requesting or accepting money from passersby, nor was he advertising for any type of sale. Thus, if FSE is a public right-of-way or public space, defendants cited plaintiff in violation of his right to free speech.

James C. Mahan
U.S. District Judge

- 13 -

Defendants simultaneously admit that FSE is a public forum under a constitutional analysis and deny that it is a "public right of way" or "public space" under a statutory analysis. (ECF No. 27 at 8, 13). "'Public right-of-way' means any street, avenue, boulevard, highway, sidewalk, alley or similar place which is owned or controlled by a governmental entity." LVMC § 9.16.005(G). "'Public space' means any real property or structures thereon which [are] owned or controlled by a governmental entity." LVMC § 9.16.005(H).

FSE is a unique section of Fremont "Street" which a private company, FSELLC, is responsible for "acquiring, constructing, improving, operating, managing, and maintaining." *See ACLU of Nevada v. City of Las Vegas*, 333 F.3d 1092, 1094 (9th Cir. 2003). While FSE is not "owned" by the government in a traditional sense, Las Vegas has "controlled" FSE with specifically drafted rules and regulations over the past 20+ years. Las Vegas Muni. Code of Ordinances Chapter 11.

For instance, Las Vegas mandates that pedestrians must be allowed to use FSE as a passageway to get from Las Vegas Blvd. to Casino Center Dr. Las Vegas Mun. Code of Ordinances § 11.68.090. Even if FSE is not considered a sidewalk, Las Vegas' control over pedestrian traffic shows FSE is a "public right-of-way" and a "public space" pursuant to LVMC § 9.16.005.

Considering the complaint's allegations in the light most favorable to the plaintiff, plaintiff was in FSE, speaking about religion, and not accepting money from passersby. Thus, his conduct was protected free speech, non-commercial, in a public space and public right-of-way, and is excepted from LVMC § 9.16.030(K). Further, defendants' assurance to enforce LVMC § 9.16.030(K) similarly going forward is an threat to plaintiff's right to free speech.

Thus, claim 2 is not dismissed as to LVMPD. The court now turns to whether officer Brown is entitled to qualified immunity.

*C. § 1983 qualified immunity*

Defendants argue officer Brown is entitled to qualified immunity for citing plaintiff because he reasonably, if mistakenly, believed that his actions were warranted under state law. (ECF No. 27 at 14). Plaintiff argues that officer Brown is not entitled to qualified immunity

because he cited plaintiff based on a patently-unconstitutional interpretation of LVMC § 9.16.030(K). (ECF No. 41 at 9).

"Where the defense of qualified immunity is at issue, as here, [the court] appl[ies] a two-part inquiry to § 1983 claims." *Burke v. Cnty. of Alameda*, 586 F.3d 725, 731 (9th Cir. 2009). "First, [the court] ask[s] whether the defendants' actions violated the Constitution. If there was a violation, [the court] ask[s] whether the right violated was clearly established." *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 200 (2001)).

"[A]n officer who acts in reliance on a duly-enacted statute or ordinance is ordinarily entitled to qualified immunity." *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994). "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotation marks and citation omitted); *see also Butz v. Economou*, 438 U.S. 478, 507 (1978) ("[O]fficials will not be liable for mere mistakes in judgment, whether the mistake is one of fact or one of law.").

In *Grossman*, an officer arrested plaintiff under an unconstitutional ordinance. *Grossman*, 33 F.3d 1200. The Ninth Circuit held that the individual officer was entitled to qualified immunity, but the city remained liable. *Id.* The Ninth Circuit explained:

> Where a statute authorizes official conduct which is patently violative of fundamental constitutional principles, an officer who enforces that statute is not entitled to qualified immunity. Similarly, an officer who unlawfully enforces an ordinance in a particularly egregious manner, or in a manner which a reasonable officer would recognize exceeds the bounds of the ordinance, will not be entitled to immunity even if there is no clear case law declaring the ordinance or the officer's particular conduct unconstitutional.

*Id.* at 1209–10. Here, as in *Grossman*, qualified immunity hinges upon whether defendants' enforcement of LVMC § 9.16.030(K) is constitutional as applied to plaintiff's conduct.

The court determines whether there is a First Amendment free speech violation with a three-part analysis determining; (1) whether the speech is protected, (2) whether the forum is public or non-public, and (3) whether the justifications for exclusions from the forum satisfy the requisite standard. *Cornelius v. NAACP Legal Def. & Educ. Fund.*, 473 U.S. 788, 797 (1985).

Plaintiff and defendants agree plaintiff's speech is protected and FSE is a traditional public forum. (ECF No. 27 at 8). The court agrees as well. *See ACLU*, 333 F.3d at 1094. The court now determines whether the justifications for excluding noncommercial use of voice amplifiers from FSE satisfy the requisite standard.

To restrict the time, place, or manner of protected speech in a public forum, the restriction must be: (i) content neutral, (ii) narrowly tailed to serve a significant government interest, and (iii) leave open ample alternative channels for communication. *See Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989)).

Facially, LVMC § 9.16.030(K) is constitutional. A ban against voice amplification in a public place is content neutral because it does not discriminate based on what message is being amplified. *Id.* at 791. The ban is narrowly tailored because it the government has a legitimate interest in preserving the tranquility of the community against excessive noise. *Id.* at 796. The ban leaves alternative channels for communication because it does not completely prevent the use of a voice amplifier but merely provides a volume restriction of 50 feet for amplified noises.

Accordingly, LVMC § 9.16.030(K) is a facially constitutional regulation aimed at addressing commercial noise pollution on non-public property. In furtherance of LVMC § 9.16.030(K)'s explicitly written policy of reducing voice amplifications, officer Brown cited plaintiff for using a voice amplifier which was audible from over 50 feet away.

However, as discussed in section III.3.B, plaintiff sufficiently pled a § 1983 claim against defendants for the violation of his right to free speech. Consequently, officer Brown relied on an unconstitutional interpretation of LVMC § 9.16.030(K) or unconstitutionally applied LVMC § 9.16.030(K) to plaintiff's conduct. Thus, the improper application of LVMC § 9.16.030(K) stymied plaintiff's First Amendment rights.

A plaintiff may allege municipal liability for a constitutional violation by showing that the violation is a result of inadequate training that can justifiably be said to represent "city policy." *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

Here, plaintiff alleges officer Brown relied on the policy and interpretation of LVMC § 9.16.030(K) promulgated by LVMPD. (ECF No. 20 at ¶¶ 68–70). Additionally, plaintiff alleges

James C. Mahan
U.S. District Judge

- 16 -

that officer Brown was directed to cite plaintiff by at least Sgt. Gibson and officer Acosta. (ECF No. 20 at ¶¶ 57–64). Further, defendants support their improper interpretation of LVMC § 9.16.030(K) in their motion to dismiss. (ECF No. 27 at 13). Accordingly, plaintiff has plausibly alleged—and LVMPD has tacitly conceded—that LVMPD's interpretation of LVMC § 9.16.030(K) is a "city policy" used to train officer Brown.

Therefore, plaintiff has sufficiently pleaded a *Monell* claim against LVMPD for promulgating the policy of citing noncommercial speakers who use voice amplifiers for their First Amendment expression in FSE. *See Harris*, 489 U.S at 389. However, officer Brown is entitled to qualified immunity for his good faith reliance on the duly-enacted statute as interpreted by LVMPD.

Thus, as to claim 2, officer Brown is dismissed as a defendant. LVMPD is not.

## IV.    Conclusion

The court grants defendants' motion as to claims 4, 6, and 10.

The court grants defendants' motion as to all claims against officer Brown in his official capacity and individual capacity.

The court grants defendants' motion as to claims 1, 3, 5, 7, 8 and 9 against LVMPD.

The court denies defendants' motion as to claim 2 against LVMPD.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 27) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

DATED March 23, 2020.

_____
UNITED STATES DISTRICT JUDGE